IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| IDA LYNN MILLS, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>STATE FARM MUTUAL AUTOMOBILE )<br>INSURANCE COMPANY, )<br>)<br>Defendant. ) | Case No. 16-00535-CV-W-ODS |

<u>ORDER (1) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
AND (2) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT</u>

Pending are cross-motions for summary judgment. Defendant's Motion for Summary Judgment (Doc. #12) is granted, and Plaintiff's Motion for Summary Judgment (Doc. #14) is denied.

## I. BACKGROUND

The parties have stipulated to the facts. Doc. #11.[1] On September 26, 2015, Plaintiff Ida Lynn Mills was an occupant of her 1994 Dodge Dakota that was involved in a rear-end collision. Plaintiff sustained bodily injury, and her damages are in excess of $300,000. Matthew George was the driver of the vehicle that struck Plaintiff's vehicle. At the time of the collision, George had an insurance policy with Allied Insurance that had a bodily injury liability limit of $100,000 per person. Allied Insurance paid George's $100,000 coverage to Plaintiff.

At the time of the collision, Plaintiff's State Farm Policy 214 6662-C06-25A ("Dakota Policy") was in force. Doc. #11-1. That policy provided underinsured motor vehicle coverage with limits of $50,000 for claims arising out of bodily injury to one

---

[1] The parties filed a Joint Stipulation of Uncontroverted Material Facts. Doc. #11. Unless otherwise noted, the facts in this Order were obtained from the parties' stipulation.

person and $100,000 for claims arising out of bodily injury in one accident. The relevant provision of the policy states the following:

> **If Other Underinsured Motor Vehicle Coverage Applies**
>
> 1. If Underinsured Motor Vehicle Coverage provided by this policy and one or more other vehicle policies issued to **you** or any **resident relative** by the **State Farm Companies** apply to the same **bodily injury**, then:
>
>     a. the Underinsured Motor Vehicle Coverage limits of such policies will not be added together to determine the most that may be paid; and
>
>     b. the maximum amount that may be paid from all such policies combined is the single highest applicable limit provided by any one of the policies. **We** may choose one or more policies from which to make payment.
>
> 2. The Underinsured Motor Vehicle Coverage provided by this policy applies as primary coverage for an **insured** who sustains **bodily injury** while **occupying your car**.
>
>     a. If:
>
>         (1) this is the only vehicle policy issued to **you** or any **resident relative** by the **State Farm Companies** that provides Underinsured Motor Vehicle Coverage which applies to the accident as primary coverage; and
>
>         (2) underinsured motor vehicle coverage provided by one or more sources other than the **State Farm Companies** also applies as primary coverage for the same accident,
>
>     then **we** will pay the proportion of damages payable as primary that **our** applicable limit bears to the sum of **our** applicable limit and the limits of all other underinsured motor vehicle coverage that apply as primary coverage.
>
>     b. If:
>
>         (1) more than one vehicle policy issued to **you** or any **resident relative** by the **State Farm Companies** provides Underinsured Motor Vehicle Coverage which applies to the accident as primary coverage; and
>
>         (2) underinsured motor vehicle coverage provided by one or more sources other than the **State Farm Companies** also applies as primary coverage for the same accident,

then the **State Farm Companies** will pay the proportion of damages payable as primary that the maximum amount that may be paid by the **State Farm Companies** as determined in 1. above bears to the sum of such amount and the limits of all other underinsured motor vehicle coverage that apply as primary coverage.

3. Except as provided in 2. above, the Underinsured Motor Vehicle Coverage provided by this policy applies as excess coverage.

    a. If:

        (1) this is the only vehicle policy issued to **you** or any **resident relative** by the **State Farm Companies** that provides Underinsured Motor Vehicle Coverage which applies to the accident as excess coverage; and

        (2) underinsured motor vehicle coverage provided by one or more sources other than the **State Farm Companies** also applies as excess coverage for the same accident.

        then **we** will pay the proportion of damages payable as excess that **our** applicable limit bears to the sum of **our** applicable limit and the limits of all other underinsured motor vehicle coverage that apply as excess coverage.

    b. If:

        (1) more than one vehicle policy issued to **you** or any **resident relative** by the **State Farm Companies** provides Underinsured Motor Vehicle Coverage which applies to the accident as excess coverage; and

        (2) underinsured motor vehicle coverage provided by one or more sources other than the **State Farm Companies** also applies as excess coverage for the same accident,

        then the **State Farm Companies** will pay the proportion of damages payable as excess that the maximum amount that may be paid by the **State Farm Companies** as determined in 1. above bears to the sum of such amount and the limits of all other underinsured motor vehicle coverage that apply as excess coverage.

Doc. #11-1, at 22-23 (emphasis in original). State Farm paid Plaintiff the $50,000 limit of the Dakota Policy's underinsured motorist coverage.

3

At the time of the collision, Plaintiff also owned State Farm Policy 133 2971-F30-25D and State Farm Policy 143 3829-F30-25B (collectively, "the Other Mills Policies"). Docs. #11-2, 11-3. The Declaration Pages for the Other Mills Policies identified a 1998 Dodge Ram 1500 and a 2000 Ford Explorer, respectively, as "Your Car" as the term was defined in those policies. Neither the 1998 Dodge Ram 1500 nor the 2000 Ford Explorer was involved in the collision. The Other Mills Policies provided underinsured motorist coverage with limits of $50,000 for claims arising out of bodily injury to one person and $100,000 for claims arising out of bodily injury in one accident. The Other Mills Policies contained the same provision noted above. Doc. #11-2, at 22-23; Doc. #11-3, at 22-23.

On the date of the collision, State Farm Policy 259 0590-D07-25A ("K1500 Policy") insured a vehicle driven by Plaintiff's son, Shawn Mills, who resided primarily in Plaintiff's household at the time of the collision. Doc. #11-4. The K1500 Policy identified a 1989 GMC K1500 as "Your Car" as the term was defined in that policy. The 1989 GMC K1500 was not involved in the collision. The K1500 Policy provided uninsured motorist coverage with limits of $50,000 for claims arising out of bodily injury to one person and $100,000 for claims arising out of bodily injury in one accident. The K1500 policy contained the same provision outlined above. Doc. #11-4, at 22-23.

In April 2016, Plaintiff filed a lawsuit against State Farm in the Circuit Court of Jackson County, Missouri, alleging Defendant State Farm Mutual Automobile Insurance Company ("State Farm") failed to meet its contractual obligations under the policies issued to Plaintiff. Doc. #1-3. State Farm timely removed the matter to this Court. State Farm denies Plaintiff is entitled to any additional underinsured motorist benefits. On August 29, 2016, State Farm filed its motion for summary judgment. Doc. #12. On September 22, 2016, Plaintiff filed her cross-motion for summary judgment. Doc. #14. Both motions are fully briefed.

## II.  STANDARD

A moving party is entitled to summary judgment on a claim only if there is a showing that "there is no genuine issue as to any material fact and that the moving party

4

is entitled to a judgment as a matter of law." *See Williams v. City of St. Louis*, 783 F.2d 114, 115 (8th Cir. 1986). "[W]hile the materiality determination rests on the substantive law, it is the substantive law's identification of which facts are critical and which facts are irrelevant that governs." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Thus, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Wierman v. Casey's Gen. Stores*, 638 F.3d 984, 993 (8th Cir. 2011) (quotation omitted). In applying this standard, the Court must view the evidence in the light most favorable to the non-moving party, giving that party the benefit of all inferences that may be reasonably drawn from the evidence. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 588-89 (1986); *Tyler v. Harper*, 744 F.2d 653, 655 (8th Cir. 1984). However, a party opposing a motion for summary judgment "may not rest upon the mere allegations or denials of the…pleadings, but…by affidavits or as otherwise provided in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

### III. DISCUSSION

Interpretation of an insurance policy is a question of law. *McCormack Baron Mgmt. Servs., Inc. v. Am. Guar. & Liab. Ins. Co.*, 989 S.W.2d 168, 171 (Mo. banc 1999) (citation omitted). In Missouri, the general rules of contract construction apply to insurance contracts. *Daughhetee v. State Farm Mut. Auto. Ins. Co.*, 743 F.3d 1128, 1132 (8th Cir. 2014) (citation omitted). "The provisions of an insurance policy are read in context of the policy as a whole," and "[t]he language in a policy is given its ordinary meaning unless another meaning is plainly intended." *Columbia Mut. Ins. Co. v. Schauf*, 967 S.W.2d 74, 77 (Mo. banc. 1998) (citations omitted). The key is whether the language is ambiguous or unambiguous. *Daughhetee*, 743 F.3d at 1132-33 (citation omitted). If the language is unambiguous, the Court must interpret the policy as written, but if the language is ambiguous, the Court must interpret the policy in favor of the insured. *Id.* at 1133 (citations omitted). "An ambiguity exists when there is duplicity, indistinctness or uncertainty in the meaning of the policy [and] is reasonably open to

5

different constructions." *Gulf Ins. Co. v. Noble Broad.*, 936 S.W.3d 810, 814 (Mo. banc 1997). The presence of a broad provision for coverage coupled with subsequent narrowing language does not create an ambiguity. *Todd v. Mo. United Sch. Ins. Council*, 223 S.W.3d 156, 162-63 (Mo. banc 2007).

At issue is whether Plaintiff's underinsured motor vehicle coverages can be stacked. "Stacking" refers to "an insured's ability to obtain multiple insurance coverage benefits for an injury either from more than one policy, as where the insured has two or more separate vehicles under separate policies, or from multiple coverages provided for within a single policy, as when an insured has one policy which covers more than one vehicle." *Lee v. State Farm Mut. Auto.*, Case No. 10-5083-CV-SW-RED, 2011 WL 5983370, at *1 (W.D. Mo. Nov. 30, 2011) (quoting *Lynch v. Shelter Mut. Ins. Co.*, 325 S.W.3d 531, 539 (Mo. Ct. App. 2010)); *see also Niswonger v. Farm Bureau Town & Country Ins. Co.*, 992 S.W.2d 308, 313 (Mo. Ct. App. 1999) (citation omitted).

Underinsured motorist coverage is "intended to provide insurance coverage for insureds who have been bodily injured by a negligent motorist whose own automobile liability insurance coverage is insufficient to fully pay for the injured person's actual damages." *Long v. Shelter Ins. Cos.*, 351 S.W.3d 692, 696 (Mo. Ct. App. 2011) (internal quotation omitted). Uninsured motorist coverage is not required in Missouri. *Id.* "Consequently, the existence of the [underinsured motorist] coverage and its ability to be stacked are determined by the contract entered between the insured and insurer." *Ritchie v. Allied Prop. & Cas. Ins. Co.*, 307 S.W.3d 132, 135 (Mo. banc 2009) (internal quotation and citation omitted). If the insurance policy language is unambiguous in disallowing stacking, the anti-stacking provision will be enforceable. *Id.* (citation omitted); *see also Kennedy v. Safeco Ins. Co. of Ill.*, 413 S.W.3d 14, 16-18 (Mo. Ct. App. 2013) (enforcing the anti-stacking provision). If the insurance policy language is ambiguous as to stacking, "it must be construed against the insurer" and "stacking will be allowed." *Ritchie*, 307 S.W.3d at 135 (internal quotation and citation omitted); *see also Niswonger*, 992 S.W.2d at 316-19.

This Court considered the same insurance provision in *Daughhetee v. State Farm Mutual Automobile Insurance Company*, Case No. 12-0413-CV-W-ODS. In that matter, the Court found the insurance contract was not ambiguous and the policy

6

prohibited stacking. *Id.* (Doc. #49). The Eighth Circuit affirmed this Court's decision, and determined a "reasonable person" reading the policy would know that stacking of the underinsured motorist policies was prohibited. *Daughhetee*, 743 F.3d at 1132-34. The same issue and provision are before this Court in this matter, and the parties present largely the same arguments. Applying the same reasoning as it did in *Daughhetee* and following the Eighth Circuit's findings in its affirmance of *Daughhetee*, the Court finds the policy is unambiguous and prohibits stacking of underinsured motorist benefits.

Plaintiff makes one argument that was not addressed in *Daughhetree*. She contends the Court should follow a recent decision by the Missouri Court of Appeals, which, according to Plaintiff, represents the current law in Missouri regarding this issue: *Martin v. Auto Owners Insurance Company*, 486 S.W.3d 390 (Mo. Ct. App. 2016). In *Martin*, the Court of Appeals found the applicable insurance policy entitled the insureds to stack their underinsured motorist benefits. *Id.* at 396. This Court views *Martin* as instructive only because the policy language in *Martin* is different than the policy language before the Court. *See Kennedy*, 413 S.W.3d at 17 (citation omitted) (stating decisions construing other policy language "are not dispositive in the absence of identical policy language.") Comparing the policy language in *Martin* with the policy language before the Court, the policies and the anti-stacking provisions are different. *Compare Id.* at 392-93 *with* Doc. #11-2, at 22-23. Thus, *Kennedy* is not dispositive of the issues before this Court.

Instead, the Court finds *Estate of Hughes v. State Farm Mutual Automobile Insurance Co.*, 485 S.W.3d 357 (Mo. Ct. App. 2016), dispositive. In *Hughes*, the Missouri Court of Appeals found anti-stacking provisions were not ambiguous, and stacking was prohibited. *Id.* at 362-63. Unlike *Martin*, the policy at issue in *Hughes* contains the same "If Other Underinsured Motor Vehicle Coverage Applies" provision that is at issue here. In addition to following the precedent set forth in *Daughhetee*, this Court also follows *Hughes*, and finds the policy is unambiguous and prohibits stacking of underinsured motorist benefits.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment is granted, and Plaintiff's Motion for Summary Judgment is denied.

IT IS SO ORDERED.

                                              /s/ Ortrie D. Smith
                                              ORTRIE D. SMITH, SENIOR JUDGE
DATE: November 2, 2016                UNITED STATES DISTRICT COURT